IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY SIRACUSA, on behalf of himself and similarly situated employees, | CIVIL ACTION |
| Plaintiff, | FILED ELECTRONICALLY |
| v. | CLASS/COLLECTIVE ACTION |
| SHALEEMENTERPRISE3LLC and SHALEEM PERVEZ, | |
| Defendants. | |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Anthony Siracusa ("Plaintiff") brings this lawsuit against Shaleementerprise3LLC and Shaleem Pervez (collectively "Defendants"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*. Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Philadelphia, Pennsylvania (Philadelphia County).

5. Defendant Shaleementerprise3LLC is a corporate entity that, according to the Pennsylvania Department of State,[1] is headquartered at 720 Merion Trace Apartments, Apt. D304, Upper Darby, Pennsylvania (Delaware County).

6. Defendant Shaleem Pervez is the owner/president of Defendant Shaleementerprise3LLC and, upon information and belief, is a resident of Upper Darby, Pennsylvania (Delaware County).

7. Plaintiff is an employee covered by the FLSA and PMWA.

8. Defendants are employers covered by the FLSA and PMWA who jointly employ individuals, including Plaintiff, engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

## FACTS

9. Defendants own and operate the Roar nightclub (the "Club") located at 939 North Delaware Avenue in Philadelphia, Pennsylvania (Philadelphia County).

10. During the relevant period, Defendants have employed individuals as *inter alia*, bartenders, busboys and bottle servers, to take, prepare, and serve the drink orders for the Club's patrons. We will refer to these individuals collectively as the "Servers."

11. Plaintiff worked for Defendants as a bartender at the Club for approximately three years until in or around November 2024.

12. Throughout the relevant period, Defendants failed to pay Plaintiff and other Servers any compensation, including the tipped minimum hourly wage, for their hours worked. Instead, the Servers only compensation for their work at the Club was tips left for them by patrons of the Club.

---

[1] https://file.dos.pa.gov/search/business  (last accessed 2/24/25)

13.  Throughout the relevant period, Defendant Shaleem Pervez actively managed the Club on a daily basis including overseeing its Servers.  For example, he: (i) regularly distributed tips to the Servers at the end of their nightly shifts; (ii) interviewed prospective employees of the Club and extended job offers; (iii) had the authority to terminate Servers' employment at the Club; (iv) set work rules for Servers at the Club such as, *inter alia*, their dress code; and (v) oversaw monthly meetings for employees of the Club.

## **CLASS/COLLECTIVE ACTION ALLEGATIONS**

14.  Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23.  He sues on behalf of all individuals who, during any time after February 26, 2022, have been employed by Defendants as Servers at the Club.

15.  Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

16.  Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

17.  The class is readily ascertainable based on Defendants' business records and is so numerous that joinder of all class members is impracticable.

18.  Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

19.  Plaintiff and his lawyers will fairly and adequately represent the class members

and their interests.

20. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendants' common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

21. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

### COUNT I – FLSA
### (Alleging Violations of the FLSA)

22. All previous paragraphs are incorporated as though fully set forth herein.

23. The FLSA requires that employers pay employees a minimum hourly wage of $7.25 for all hours worked. *See* 29 U.S.C. § 206(a)(1). Employees who receive tips from customers as part of their employment are not exempt from the FLSA's minimum wage mandates. *See* 29 U.S.C. § 203(m); *see also Ventura v. Bebo Foods, Inc.*, 738 F. Supp. 2d 8 (D.D.C. 2010).

24. In failing to pay Plaintiff and other Servers any compensation, let alone the minimum wage of $7.25 for each hour they worked, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

### COUNT II – PMWA
### (Alleging Violations of the PMWA)

25. All previous paragraphs are incorporated as though fully set forth herein.

26. The PMWA requires that employers pay employees a minimum hourly wage of $7.25. *See* 43 P.S. § 333.104. Employees who receive tips from customers as part of their employment are not exempt from the PMWA's minimum wage mandates. *See* 34 Pa. Code § 231.1(b); 34 Pa. Code § 231.21; 34 Pa. Code § 231.101a

27. Defendants have violated the PMWA by failing to pay Plaintiff and other Servers any compensation, let alone the minimum hourly wage of $7.25 for each hour they worked.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

A. Unpaid minimum wages and prejudgment interest;

B. Liquidated damages to the fullest extent permitted under the FLSA;

C. Litigation costs, expenses, and attorneys' fees; and

D. Such other and further relief as the Court deems just and proper.

Date: February 26, 2025

/s/ R. Andrew Santillo
_____
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Deirdre A. Aaron
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
asantillo@winebrakelaw.com

*Plaintiff's Counsel*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY SIRACUSA, on behalf of himself and similarly situated employees, | : CIVIL ACTION<br>:<br>: |
| Plaintiff, | : |
| v. | : |
| SHALEEMENTERPRISE3LLC and SHALEEM PERVEZ, | : |
| Defendants. | : |

## CONSENT TO BECOME PARTY PLAINTIFF

    I Anthony Siracusa, hereby consent to become a party plaintiff in the above-captioned action pursuant to 29 U.S.C. § 216(b). I agree to be represented in this action by Winebrake & Santillo, LLC (Dresher, PA). I understand that I will be bound by the judgment of the Court on all issues in this action, including the fairness of any settlement.

*[signature: Anthony Siracusa]*                                    02/25/2025

Signature                                                                                 Date

The signed document can be validated at https://app.vinesign.com/Verify